■ In the Matter of the Claim of GEORGE BEINTEMA, Appellant, against TOWN OF ISLIP HIGHWAY DEPARTMENT et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for reargument granted. The matter may be noticed for the January 1958 Term of this court. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur. [See *ante,* p. 921.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE H. HORNBECK, JR., Appellant.— Motion for reargument of motion for the assignment of counsel denied. Application for copy of the papers to be used in preparing the record on appeal should be made to the trial court. (Civ. Prac. Act, § 1493; *People* v. *Sutliff,* 1 A D 2d 985.) Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.

■ In the Matter of the Claim of STEPHEN W. PELOW, Appellant, against BATES & ROGERS CONSTRUCTION CORPORATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion by the Attorney-General to dismiss the appeal granted. Application by claimant-appellant for leave to prosecute appeal as a poor person denied. It appears that the purported appeal is one from an order granted at Special Term in Erie County, which is not within this department. If the appellant has taken an appeal to the Appellate Division, Fourth Department, the matter should be heard in that court. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.

■ ANNABELLA M. REED et al., Plaintiffs, v. MARION E. MONROE et al., Defendants.— Motion to dismiss appeal granted, by default, without costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.

■ In the Matter of the Claim of ROSE M. LYNCH, Appellant, against ALFRED TURI et al., Respondents. WORKMEN'S COMPENSATION BOARD Respondent.— Decision of this court handed down November 15, 1957, dismissing the appeal herein by default vacated and set aside. Motion to dismiss appeal granted, unless appellant perfects appeal, files and serves record and brief on or before February 15, 1958, and is ready for argument at the March 1958 Term of this court, in which event the motion is denied. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur. [See *ante,* p. 990.]

■ HAZEL SHAMBACH, Plaintiff, v. HAROLD L. SHAMBACH, Defendant.— Motion to vacate a stay. Since the plaintiff was stayed by an order of the Special Term of July 31, 1957, granted after the parties had come before the court on an order to show cause, dated July 23, 1957, why the judgment should not be vacated and why the court should not grant "such other relief as may be just", we determine the stay of plaintiff from proceeding under the judgment is not ex parte and plaintiff must review it by appeal rather than by motion to vacate as an ex parte order. This stay made by the court must be distinguished from the stay in the order to show cause and it superseded that stay. The order to show cause of November 4, 1957, returnable November 15 at Special Term contains an ex parte stay, but this merely stays plaintiff from "all proceedings to conclude the reference herein." This is not the stay to which plaintiff objects. She objects to staying the enforcement of her money judgment. Since the defendant has sought from the court in New York, and obtained, affirmative relief by way of a stay after the default judgment was entered, the Special Term may well consider terminating the stay unless defendant proceeds promptly to litigate the jurisdictional issue and may, as a condition of continuing the stay, require that he make reasonable provision for the support of his wife and child during the litigation of this question without prejudice to his basic contention on jurisdiction. If plaintiff has appealed from the order of July 31, or if the time to appeal therefrom has not expired, the court will facilitate the hearing thereof. Motion denied. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ. [See *post,* p. 997.]